Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Sep 02 4:20 PM-20CV005838

0F229 - E36

## IN THE COURT OF COMMON PLEAS
## FRANKLIN COUNTY, OHIO

| | | |
|---|---|---|
| Jeff Richards | : | |
| 1025 Bellflower Ave. | : | Case No: |
| Columbus, Ohio 43204 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Judge: |
| | : | |
| Watco Supply Chain Services, LLC | : | |
| c/o Corporation Service Company | : | **COMPLAINT WITH** |
| 50 W. Broad Street, Suite 1330 | : | **JURY DEMAND** |
| Columbus, Ohio 43215 | : | |
| | : | |
| Defendant. | : | |

**Jurisdiction and Venue:**

1. This is an action for damages for unlawful retaliation for filing a workers' compensation claim in violation of O.R.C. §4123.90 and disability discrimination in violation of O.R.C. §4112 *et seq*.

2. This court has subject-matter jurisdiction pursuant to O.R.C. §4123.90 and 4112.99.

3. Venue is proper in this court because Plaintiff was employed by Defendant in Franklin County, Ohio and all or part of the acts giving rise to Plaintiff's claims arose in Franklin County.

**Parties:**

4. Plaintiff Jeff Richards is a citizen of the United States of America, who at all times material to this action resided in Franklin County, Ohio.

5. Defendant Watco Supply Chain Services, LLC is a Delaware Limited Liability Company licensed to do business in the State of Ohio with a business location in Franklin County, Ohio.

1

EXHIBIT A

6.  At all relevant times herein, Defendant was an "employer" within the meaning of O.R.C. §§4123.0I(B) and 4112.01.

**Allegations:**

7.  Jeff Richards was employed by Watco as a Warehouse Manager in Columbus, Ohio from July 2017 until April 17, 2020.

8.  For the first two years of his employment he enjoyed success in his position.

9.  He received positive performance reviews and corresponding salary increases because he played a fundamental role in the start-up of Defendant's Grove City Hub.

10. Unfortunately, on September 17, 2019 Plaintiff suffered a work-related injury, a cracked left patella.

11. He filed Workers' Compensation claim no. 19-190024 on September 18, 2019.

12. Plaintiff's injury rendered him unable to work until he was released to partial duty on January 21, 2020.

13. When he informed Hub Manager Nicole Morcher that he was prepared to return to work, she would not allow it.

14. She informed him that he was not allowed to return to work until he was 100% healed because she was concerned that he would reinjure himself.

15. Plaintiff was released to full duty on April 13, 2020 and contacted Ms. Morcher to inquire about when he should return to work.

16. Ms. Morcher's supervisor contacted Plaintiff and informed him that he was being placed on unemployment and that he would receive a severance.

EXHIBIT A

0F229 - E38    Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Sep 02 4:20 PM-20CV005838

17. When he asked if he was eligible for recall, he received no reply.

18. Plaintiff received a proposed Separation Agreement. His last day of employment was noted to be April 17, 2020. He did not sign the agreement.

19. At the time of Plaintiff's termination three warehouse managers remained employed.

20. All three had less seniority and experience than Plaintiff.

## COUNT I
## RETALIATION IN VIOLATION OF OHIO'S
## WORKERS' COMPENSATION LAW

21. Plaintiff restates and incorporates the foregoing paragraphs as if fully rewritten herein.

22. Plaintiff sustained an injury in the course and arising out of his employment with Defendant.

23. Plaintiff filed a worker's compensation claim against Defendant so that he could receive benefits to which he was legally entitled.

24. By terminating Plaintiff's employment as described above, Defendant retaliated against Plaintiff in violation of O.R.C. §4123.90.

25. Plaintiff has been damaged by Defendant's retaliatory termination of his employment.

26. Plaintiff has complied with the jurisdictional prerequisites to this action by providing the Defendant with a notice of intent to pursue his rights under RC §4123.90 (Exhibit 1).

27. Plaintiff has filed this action within 180 days of the adverse employment action.

## COUNT II
## DISABILITY DISCRIMINATION
## IN VIOLATION OF O.R.C. §4112 *et seq*

28. Plaintiff restates and incorporates the foregoing paragraphs as if fully rewritten herein.

29. Defendant is an employer as that term is defined by O.R.C. §4112.01.

30. Plaintiff is a qualified individual with a disability as that term is defined by O.R.C. §4112

EXHIBIT A

0F229 - E39

*et seq.*

31. Defendant regarded Plaintiff as disabled.

32. As a result of his disability, Plaintiff required accommodation in order to perform the essential functions of his job, including light duty.

33. Plaintiff requested that he be allowed to return to work on light duty.

34. Defendant refused, insisting that Plaintiff only return when he was 100% healed from his injury.

35. When Plaintiff was released to return to work full duty, Defendant terminated him.

36. By refusing to discuss accommodation with Plaintiff and by terminating him because of his disability, Defendant violated O.R.C. §4112.02.

37. Plaintiff has been damaged by Defendant's unlawful disability discrimination such that he is entitled to backpay, front pay, compensatory damages, and damages for garden variety emotional distress.

38. Defendant acted with willful disregard for Plaintiff's rights such that he is entitled to punitive damages and attorney's fees.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully prays for damages in excess of $25,000 including:

    a)    lost past wages and benefits;

    b)    reinstatement or front pay;

    c)    damages for garden variety emotional distress;

    d)    attorney fees and costs;

    e)    prejudgment and post judgment interest;

    f)    such other equitable and further relief as may be just and appropriate.

4

**EXHIBIT A**

Respectfully submitted,

*/s/ Sharon Cason-Adams*
Sharon Cason-Adams (0067550)
AGEE CLYMER
140 East Town Street, Suite 1100
Columbus, OH 43215
Telephone: 614-221-3318
Facsimile: 614-221-7308
scasonadams@ageeclymer.com
Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues triable before a jury.

*/s/ Sharon Cason-Adams*
Sharon Cason-Adams (0067550)

5

**THIS PAGE INTENTIONALLY LEFT BLANK**

Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Sep 02 4:20 PM-20CV005838

0F229 - E41

**AGEE**
**CLYMER**
**MITCHELL**
**&**
**PORTMAN**

A Legal

Professional

Association

140 East Town Street

Suite 1100

Columbus, Ohio 43215

fax (614) 221-7308

(614) 221-3318

1-800-678-3318

www.ageeclymer.com

Circleville

Jackson

Delaware

Chillicothe

Galion

Cleveland

Gregory R. Mitchell

C. Russell Canestraro

Robert M. Robinson

Eric B. Cameron

Frederic A. Portman

Mark E. Heinzerling

Douglas P. Koppel

Jay W. Dixon

Kelly A. Iacuzzo

Joffre S. Laret

Stacy A. Meloun

Sharon Cason-Adams

Thomas W. Ellis

Sarah E. Buckley

Kenneth Agee
(1910-1980)

James G. Clymer
(retired 2012)

May 18, 2020

Mr. Jamie Wilson
Risk Management
Watco Supply Chain Services LLC
315 W. 3rd St.
Pittsburg, Kansas 66762

RE:     Termination of Jeff Richards
        ORC §4123.90 Notice

Dear Mr. Wilson:

I have been retained to review the Separation Agreement presented to Jeff Richard by Watco Supply Chain, LLC and to advise him regarding possible legal claims arising out of his termination.

As you know, Mr. Richards was employed by Watco as a Warehouse Manager in Columbus, Ohio from July 2017 until April 17, 2020. Mr. Richards recounts his work history and the circumstances leading to his discharge as follows:

For the first two years of his employment he enjoyed success in his position. He received positive performance reviews and corresponding salary increases as a fundamental part of the start-up of the Grove City Hub. Unfortunately, in September 2019 he suffered a work-related injury, a cracked left patella. This injury rendered him unable to work until he was released to partial duty in January 2020. When he informed Hub Manager Nicole Morcher that he was prepared to return to work, she would not allow it. She informed him that he was not allowed to return to work until he was 100% healed because she was concerned that he would reinjure himself.

As you know, Mr. Richards was released to full duty on April 13, 2020. When he asked Ms. Morcher when he should return to work, she told him she would get back to him. Instead, he received a telephone call from Ms. Morcher's supervisor Chad informing him that he was being placed on unemployment, and that he would receive a severance. When he asked if he was eligible for recall, he received no reply. However, given the language of the Separation Agreement, it is clear this is not a temporary lay-off.

Having reviewed the circumstances outlined above, it is my opinion that Mr. Richards has at least three viable claims to pursue against the company: workers compensation retaliation under ORC §4123.90 and two counts of disability discrimination under State and/or Federal law. Mr. Richards was an employee in good standing before his injury. He was not made aware of any deficiencies in his performance and was never subject to any form of discipline. Because he was provided with no legitimate justification for his termination, it is logical to conclude that Ms. Morcher (or perhaps other members of management)

**EXHIBIT 1**

0F229 - E42

harbored an animus against him for having pursued his workers compensation rights. Furthermore, Ms. Morcher's refusal to discuss an accommodation that would have allowed him to return to work in January demonstrates disability discrimination as that term is defined by the American with Disabilities Act and Ohio law. His termination provides the second count of disability discrimination.

Mr. Richards informs me that Watco currently employs two warehouse managers, both of whom were appointed to that position after his injury. He indicates there are three Supervisor positions. With his termination, one position remains vacant.

I have advised Mr. Richards of the process involved in pursuing his legal claims. In Ohio, to pursue the workers compensation retaliation claim he must first provide notice to the employer and then file suit withing 180 days of his termination. This letter shall serve as his notice. Regarding the disability discrimination claims, he may file a civil rights charge with the EEOC or file suit in State Court. If he decides to proceed with litigation, he will pursue damages including back pay, reinstatement or front pay, damages for garden variety emotional distress, punitive damages, and attorney's fees.

However, Mr. Richards understands that the outcome of litigation is uncertain and that it can be a long and costly process for all parties involved. If possible, he would prefer to avoid it. Therefore, as an alternative to litigation, he has asked me to propose a renegotiation of the terms of the Separation Agreement.

He is willing to sign a confidential release of claims in exchange for a lump sum payment equivalent to one year of salary, plus his earned, but unused vacation, and three (3) months of COBRA coverage.

As for the non-monetary terms, we would ask that the Company provide him with a letter of reference stating that he was separated due to a reduction in force. Thereafter, the Company should provide him with a neutral reference if contacted by a prospective employer. The release provision cannot include his workers compensation claim. The breach provision must be mutual, and Ohio law must govern.

If Watco is willing to renegotiate the terms of the Separation Agreement, please contact my office within two weeks of your receipt of this letter.

Very truly yours,

Agee Clymer Mitchell & Portman

Sharon Cason-Adams

Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Sep 02 4:20 PM-20CV005838

0F229 - E43

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*

OFFICIAL USE

Certified Mail Fee
$ 6.90

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $ _____
☐ Return Receipt (electronic) $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage
$

Total Postage and Fees
$

Sent To
Mr. Jamie Wilson
Risk Management
Street and Apt. No., or PO Box No.
Watco Supply Chain Services LLC
315 W. 3rd St.
City, State, ZIP+4®
Pittsburg, Kansas 66762

Richards
5/8/2020
Postmark
Here

7018 1130 0002 3421 0829

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Jamie Wilson
Risk Management
Watco Supply Chain Services LLC
315 W. 3rd St.
Pittsburg, Kansas 66762

9590 9402 5074 9092 5309 36

2. Article Number *(Transfer from service label)*
7018 1130 0002 3421 0829

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X J. Bailey
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*
BAILEY
C. Date of Delivery
5.21.2020

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

EXHIBIT A

**THIS PAGE INTENTIONALLY LEFT BLANK**

OF229 - E44    Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Sep 02 4:20 PM-20CV005838

## In the Court of Common Pleas, Franklin County, Ohio, General Division

Jeff Richards
_____

Plaintiff/Appellant,

vs.                                                    Case No._____

Watco Supply Chain Services, LLC
_____

Defendant/Appellee,

### Civil Case Filing Information Summary

#### Type of Action/Case Classification:

**Professional Tort (Type A)**
($225.00 Security Deposit Required)

**Product Liability (Type B)**
($225.00 Security Deposit Required)

**Other Torts (Type C)**
($225.00 Security Deposit Required)

**Workers Compensation (Type D)**
($225.00 Security Deposit Required)

**Foreclosure (Type E)**
($350.00 Security Deposit Required)

**Administrative Appeal (Type F)**
($100.00 Security Deposit Required)

✔ **All Other Civil Cases (Type H)**
($225.00 Security Deposit Required)

**Cognovit Confession of Judgment (H)**
($100.00 Security Deposit Required)

**JURY DEMAND?**         Yes
($300.00 Additional Security Deposit Required)   (Yes or No)

**Total Security Deposit $** 225

Is a **TEMPORARY RESTRAINING ORDER** being requested at this time?   No
                                                                                                    (Yes or No)

Is this a case in which **ALL** the issues presented are a result of the
defendant(s) having signed and defaulted on a **COGNOVIT NOTE**?          No
                                                                                                    (Yes or No)

Is this a **FORCIBLE ENTRY AND DETAINER** case?                              No
                                                                                                    (Yes or No)

Does this case include allegations of **CONSUMER SALES PRACTICES**
**ACT** violations under Chapter 1345 or any other statutory consumer
protection provision of the Ohio Revised Code?                                   No
                                                                                                    (Yes or No)

#### Refiling Information:

If this is a **REFILING** of a previously dismissed case, please complete the following:

Previous Case No. _____          Original Judge _____

/s/ Sharon Cason-Adams
_____
Attorney/Party Signature

0067550
_____
Attorney Ohio Sup. Ct. Registration No.

Sharon Cason-Adams
_____
Attorney/Party Name (Type or Print)

614-221-3318
_____
Telephone Number

140 E. Town Street, Suite 1100
_____
Mailing Address

614-221-7308
_____
Facsimile Number

Columbus                    OH    43215
_____
City                            State    Zip Code

**EXHIBIT A**

**THIS PAGE INTENTIONALLY LEFT BLANK**

EXHIBIT A



U.S. POSTAGE
ZIP 43221
02 4W
0000361

CERTIFIED MAIL

USPS CERTIFIED MAIL

9214 8901 1952 2805 9660 63

MARYELLEN O'SHAUGHNESSY
FRANKLIN COUNTY CLERK OF COURTS
373 SOUTH HIGH STREET
COLUMBUS, OHIO 43215-4579

20CV-09-5838    H    ADDR: 1
67550          SHARON CASON-ADAMS

F O R W A R D I N G   S E R V I C E   R E Q U E S T E D

RICHA
WATCO SUPPLY CHAIN SERVIC
C/O CORP SERVICE CO
50 W BROAD STREET
SUITE 1330
COLUMBUS, OH
       43215

**EXHIBIT A**